## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHRYN STAGNER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. CIV-25-948-G** |
| | ) |
| OKLAHOMA STATE HEALTH | ) |
| DEPARTMENT et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is a Motion for Judgment on the Pleadings (Doc. No. 4) filed through counsel by Defendants Oklahoma State Health Department and Oklahoma Long Term Care Division. Plaintiff Kathryn Stagner has responded (Doc. No. 5), and Defendants have replied (Doc. No. 6).

Plaintiff initiated this case in state court on July 23, 2025. *See* Pet. (Doc. No. 1-2). On August 21, 2025, Defendants removed the case to this Court.[1] On August 28, 2025, Defendants filed their Motion, seeking entry of judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. J. on Pleadings at 1, 3-5.

Rule 12(c) prescribes: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Defendants have not yet filed an answer or answers to the Petition. Accordingly, the

---

[1] Although the Notice of Removal (Doc. No. 1) states that the Court "has original subject matter jurisdiction . . . pursuant to 28 U.S.C. §1920," that statute addresses taxation of costs. *Id.* at 2. Federal-question jurisdiction appears to lie under 28 U.S.C. § 1331. *See id.* at 1; Pet. ¶¶ 81, 84, 87, 92 (citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.).

pleadings are "not closed," and Defendants' Motion is "premature." *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021); *see* Fed. R. Civ. P. 7(a); *see also Sanders v. Polaris Indus., Inc.*, No. 21-cv-02055, 2022 WL 16713089, at *5 (D. Colo. Nov. 4, 2022) ("The pleadings are considered 'closed' when all defendants in a case have filed an answer."); *accord Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 4129628, at *1-2 (W.D. Okla. Aug. 4, 2021) (R. & R.), *adopted*, 2021 WL 4129624 (W.D. Okla. Sept. 9, 2021).  Therefore, "a remedy under Rule 12(c) is not available." *Gorenc v. Klaassen*, No. 18-2403, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019) (internal quotation marks omitted).

Although the Court has discretion to construe Defendants' premature Motion as one brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court declines to do so here.  Defendants are not appearing pro se, and the Motion expressly relied upon Rule 12(c) as the basis for the relief sought.  *See* Defs.' Mot. at 3-5.  This was a litigation choice that Defendants were entitled to make.  *Cf. Gorenc*, 2019 WL 2523566, at *2 ("[A]fter [the defendant] was served with plaintiff's Complaint, she had a choice.  She could either file an answer or file a motion to dismiss under Rule 12(b).").  In addition, Defendants have presented no "grounds to excuse the requirement of closed pleading that precedes the filing of a proper 12(c) motion." *Nationwide Child.'s Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, No. 08-cv-1140, 2009 WL 5247486, at *3 (S.D. Ohio Dec. 31, 2009).

CONCLUSION

In accordance with the foregoing, Defendants' Motion for Judgment on the Pleadings (Doc. No. 4) is DENIED.

IT IS SO ORDERED this 11th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

3